Sara Jean DOUGLAS, Plaintiff–
Appellant,

v.

STATE OF ALABAMA DEPARTMENT
OF MENTAL HEALTH AND MEN-
TAL RETARDATION, Searcy Hospi-
tal, Melcina Russell, Lydia Williams,
Defendants–Appellees.

No. 05–13880
Non–Argument Calendar.
D.C. Docket No. 04–00415–CV–BH–B.

United States Court of Appeals,
Eleventh Circuit.

March 1, 2006.

Steven L. Terry, Steven L. Terry, P.C.,
Mobile, AL, for Plaintiff–Appellant.

David E. Jackson, Alabama Department
of Mental Health & Mental Retardation,
Montgomery, AL, for Defendants–Appel-
lees.

Before BARKETT, MARCUS and
WILSON, Circuit Judges.

PER CURIAM:

Sara Jean Douglas, a Caucasian female,
appeals from a Summary Judgment in fa-
vor of the Alabama Department of Mental
Health and Mental Retardation ("Depart-
ment") on her claim of race discrimination,
pursuant to Title VII of the Civil Rights
Act of 1964 ("Title VII"), 42 U.S.C.
§ 2000e–2(a)(1).[1] The district court found
that Douglas failed to make a *prima facie*
showing of discrimination under Title VII
because she did not show that she was
replaced by an individual outside her pro-
tected class, and she did not show that she
was qualified to perform the job position of
activity aide at the Claudette Box Nursing
Facility ("CBNF"), a branch of Searcy
Hospital, which was operated by the De-
partment.

The district court also determined that
Douglas did not present evidence to show
that the Department's alleged reasons for
firing her—namely, her violating CBNF's
professional behavior policy by laughing at
a patient and violating CBNF's safety poli-
cies were a pretext for discrimination.

In this case, contrary to the district
court's finding, it is at least arguable that
Douglas established a *prima facie* case of
discriminatory termination because, based
on the evidence in the record, a reasonable
jury could find that Douglas was replaced
by an individual outside Douglas's protect-
ed class and could find that Douglas was
qualified for the position because she had
the requisite education and prior experi-
ence in the field.

However, Douglas failed to create a gen-
uine issue of material fact regarding
whether the Department's articulated rea-
sons for her termination were pretextual.
Douglas conceded that she violated the
Department's rules against carrying bags
around patients after receiving numerous
reprimands from the Department, and the

---

1. In her complaint, Douglas also asserted
claims against Lydia Williams and Melcina
Russell individually, a pattern or practice
claim against the Department, and a retalia-
tion claim against all the defendants. Be-
cause Douglas admitted to the district court
that the claims against Williams and Russell

individually, as well as her retaliation claim
were due to be dismissed, and because she
does not raise any of these claims before this
Court, they have been abandoned and will not
be discussed further. *Access Now, Inc. v.
Southwest Airlines Co.*, 385 F.3d 1324, 1330
(11th Cir.2004).

record evidence shows that she also was reprimanded for laughing at a patient, both of which led to her unsatisfactory performance appraisals. Moreover, she has made no showing that the Department did not believe that she had committed such infractions. While the Department conceded that it failed to implement the correct personnel procedures, Douglas has not shown that the failure benefitted another employee outside her protected class. In fact, the Department admitted that it made the same mistakes in the evaluation procedure with regard to an African–American female who worked at CBNF during the same time period as Douglas. Thus, we find no reversible error in the grant of Summary Judgment to the Department.

AFFIRMED.